# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ROZINA RHONDA JONES-WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:23-CV-947 SEP |
| | ) | |
| MISSOURI STATE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is the motion of self-represented Plaintiff Rozina Rhonda Jones-Williams, an inmate at the St. Louis County Justice Center, for leave to commence this civil action without prepayment of the required filing fee. Doc. [2]. Having reviewed the motion and its lengthy supplement, the Court grants the request and assesses an initial partial filing fee of $1.00. Additionally, for the reasons set forth below, the Court dismisses this action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20% of the preceding month's income credited to her account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff did not submit an inmate account statement with her motion to proceed *in forma pauperis*. On August 7, 2023, the Court directed Plaintiff to submit a certified copy of her prison account statement for the six-month period immediately preceding the filing of the Complaint. Doc. [4]. In response, Plaintiff submitted a supplement to her motion indicating the

institution has refused to provide her with an account statement.  Doc. [6].  Therefore, Plaintiff will be required to pay an initial partial filing fee of $1.00, an amount that is reasonable based on the information before the Court.  *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (When a prisoner is unable to provide the Court with a certified copy of a prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").  If Plaintiff cannot pay the initial partial filing fee, she must submit a copy of her prison account statement in support of her claim.

## THE COMPLAINT

Plaintiff is currently incarcerated at the St. Louis County Justice Center in Clayton, Missouri.  She initiated this civil action by filing a 54-page Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983.  Doc. [1].  The Complaint names 186 defendants in their official and individual capacities.  Id.  Plaintiff names numerous federal and state entities and employees, private citizens and businesses, unknown John and Jane Does, and groups of individuals.  *Id.* at 1-23.  For example, some of the defendants include St. Louis County and the "citizens of St. Louis County;" the City of Clayton and the "people of the City of Clayton"; "medical staff Jane and John Doe Jailer and Deputies"; Bank of New York Mellon Trust; St. Louis County Animal Shelter; Dr. John Doe and Jane Doe; Georgia Department of Vital Statistics; Houston Child Protective Services; Houston Texas Family Court; Atlanta, Georgia; all employees of the Fulton County Jail; "Females Unknown"; the Social Security Administration; the Federal Reserve Bank; the "Vatican Pope"; the "House of Lords"; "all staff and agents" of the Hague Convention; Meadow Glen Apartments; the Securities and Exchange Commission; Channel 4 New; and the Ameristar Casino.  *Id*.

In the Statement of Claim section of the Complaint, Plaintiff alleges the State of Missouri and its employees "intentionally committed fraud" by forming a "technical trust" and forcing her "into a court of equity."  *Id.* at 25.  Plaintiff refers to an incident in July of 2021 in which she claims defendant Officers Steven DeGeiner and Timothy Ware entered her land and stole her "personal and real property," including knives, trespassing signs, and animals.  *Id*.

The Court takes judicial notice of an unlawful detainer action that was adjudicated in state court, in which Plaintiff claimed she owned real property located at 319 Wild Horse

2

Canyon Drive through adverse possession.[1]  *See Bank of New York Mellon Trust Co. v. Lipede, et al.*, No. 21SL-AC05837 (21st Jud. Cir., St. Louis County).  Judgment was entered for the State and Plaintiff was ordered to vacate the property.  *Id.*  Plaintiff's appeal was dismissed on March 13, 2023.  *See MK Property Mgmt. v. Lipede, et al.*, No. ED110412 (Mo. Ct. App. 2023). Plaintiff appears to be arguing here that those state court decisions were fraudulent and erroneous.

Attached to Plaintiff's Complaint are 20+ pages of notebook paper, in which she complains of other unrelated incidents against some of the 186 defendants.  *Id.* at 27-54.  The attachment consists of mostly conclusory allegations without factual support.  For example, Plaintiff alleges the "Atlanta City Detention Center staff employees deprived [her] of [her] human right and legal right to access the Courts[,]" the "State of Georgia and Missouri violated Plaintiff['s] constitutional right by the ferae [sic] of suing Plaintiff for their debts[,]" and an unidentified "Jail official denied Plaintiff the right to private calls[.]" *Id.*

For relief, among other requests that are not discernible, Plaintiff seeks "$1.44 septillion dollars in increments of $100,000,000.00" as well as permanent emergency injunctive relief against all defendants.  *Id.* at 26.  She also asks the "Supreme Court to correct the errors and the miscarriages of justice and denial of due process in the appellate court."  *Id.* at 46.

On August 31, 2023, Plaintiff filed a 30-page supplement to her Complaint, which she titled "Motion for Rule 59(e) to correct and Add Supplemental Greetings."[2]  Doc. [7].  The document is difficult to decipher because it covers a variety of unrelated topics.  Plaintiff begins by asserting she is in "imminent danger of serious physical harm" and her "fingers have been broken" due to an "unlawful kidnapping and for exercising [her] civil and constitutional rights to religion and legal and medical[.]"  *Id.* at 1.  She does not identify who she claims has kidnapped her or has violated her constitutional rights.  Plaintiff refers to three state criminal cases and appears to argue she is being unlawfully restrained.  *Id.* at 1-2.  She describes her incarceration as an "insurance bond" and states she is "a bounty of war, to pay a debt that this government owes."  *Id.* at 4.  In the remainder of the supplement, Plaintiff appears to be advocating that she be

---

[1] *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records").

[2] Federal Rule of Civil Procedure 59(e) allows a *court* to correct mistakes in a *judgment*.  As there has been no judgment here, the Court construes Plaintiff's filing as a supplement to her complaint.

3

granted *in forma pauperis* status and be permitted to adjudicate her claims of fraud and various constitutional violations against the defendants.

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## DISCUSSION

After carefully reviewing the Complaint and giving it the benefit of a liberal construction, the Court concludes that it must be dismissed against all defendants.

4

As a federal district court, this Court is not an appellate court with jurisdiction to compel a state judge to act in state court proceedings or to review or reverse decisions by state courts. *See Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996). Therefore, to the extent that Plaintiff is seeking review of a Missouri state-court judgment regarding her property rights or lack thereof, this Court lacks jurisdiction to hear her claims. Federal review of state court decisions may be had only in the United States Supreme Court. *Id.* Any review of a state court decision by this Court would violate the *Rooker-Feldman* doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Thus, if Plaintiff is inviting this Court to review and reject state court judgments, the Court lacks jurisdiction to do so. *See Postma*, 74 F.3d at 162.

While Plaintiff also appears to complain of various constitutional violations, she presents no non-conclusory facts to show how each of the defendants personally participated in or were directly responsible for specific violations of her constitutional rights. It is not enough for a Plaintiff to allege that a defendant harmed her without more. "A federal complaint must contain the 'who, what, when and where' of what happened, and each defendant must be linked to a particular action." *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016); *see also Miles v. Corizon Healthcare*, 2019 WL 2085998, at *4 (E.D. Mo. May 13, 2019) (general refusal to treat allegation, without any additional information, is nothing more than a conclusory statement and cannot suffice to state a cause of action under the Eighth Amendment).

The allegations in Plaintiff's Complaint and supplement are too vague and conclusory to permit the inference that the multitude of named defendants violated her civil rights. The Complaint includes 186 defendants, from federal agencies to local municipalities, state police departments, banks, hospitals, news stations, and insurance companies, plus miscellaneous individuals and groups associated with the institutions or entities. A majority of the putative defendants have no connection to the text in the body of the complaint or the supplement. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where Plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured Plaintiff). Merely listing a defendant in the caption is not sufficient to state

5

a claim against that defendant. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of self-represented plaintiff's complaint against defendants who were merely listed as defendants in the complaint where there were no allegations of constitutional harm against them). Conclusory allegations that entire groups have violated a constitutional right are not acceptable and will be dismissed. *See e.g., Bice v. Jordan*, 2010 WL 1187213, at *2 (E.D. Mo. Mar. 29, 2010) (dismissing "Nursing Staff" as improper defendant).

Additionally, Plaintiff's Complaint fails to comply with Rule 20(a) of the Federal Rules of Civil Procedure. Rule 20(a) provides:

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief arising out of the same transaction, occurrence or series of transactions or occurrences ***and*** if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a) (emphasis added). Plaintiff's Complaint is over 50 pages long, not including the 30-page supplement. It names 186 defendants and sets forth numerous claims that are not related to a single transaction or occurrence. For example, some allegations relate to a real estate dispute previously litigated in state court, while others relate to her treatment while incarcerated. Some named defendants appear to be unrelated to either the real estate matter or her treatment in prison, such as the Ameristar Casino, the Vatican, and Farmers Insurance.

Moreover, many of the defendants are entities that are either immune to suit or improper defendants under § 1983. Plaintiff sues dozens of state and federal entities and their employees, although "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc) (§ 1983 suit cannot be brought against state agency), *cert. dismissed*, 529 U.S. 1001 (2000). Similarly, the federal government and its departments cannot be sued under § 1983 without consent. *Iverson v. United States*, 973 F.3d 843, 846 (8th Cir. 2020); *see also Hinsley v. Standing Rock Child Protective Services*, 516 F.3d 668, 671 (8th Cir. 2008) ("It is well settled that the United States may not be sued without its consent."). Plaintiff also attempts to sue a number of private entities, which § 1983 does not permit. *See Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (§ 1983 secures constitutional rights from government infringement, not infringement by private parties). Plaintiff does not show that the private parties acted under color of state law.

6

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner.  Even self-represented plaintiffs are required to set out their claims and supporting facts simply, concisely, and directly.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).  Plaintiff's Complaint and supplement contain stream-of-conscious narratives without coherent arguments, making it prohibitively difficult for the 186 defendants to admit or deny her allegations.  Her Complaint also lacks any factual basis for a valid legal claim, and it fails to assert how the named defendants caused Plaintiff harm.  Thus, it is dismissed for failure to state a claim and frivolousness.  *See* 28 U.S.C. § 1915(e)(2); *Neitzke*, 490 U.S. at 325.

Finally, any argument Plaintiff purports to base on her self-proclaimed status as a "sovereign citizen" or in her "sovereign immunity capacity," Doc. [1] at 1, is rejected.  Such arguments "hav[e] no conceivable validity in American law."  *United States v. Hardin*, 489 Fed. Appx. 984, 986 (8th Cir. 2012) (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990)); *see also United States v. Simonson*, 563 Fed. Appx. 514 (8th Cir. 2014) (defendants' argument that they were "special sovereign citizens" was frivolous).  Thus, any claims based on Plaintiff's alleged sovereign status are frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* Doc. [2], is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that the Plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order, making her remittance payable to "Clerk, United States District Court," and including on it:  (1) her name; (2) her prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice.**  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 22nd day of November, 2023.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE