UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROZINA RHONDA JONES-WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23-cv-00947-SEP |
| | ) |
| MISSOURI STATE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court are pro se Plaintiff Rozina Rhonda Jones-Williams's motions titled, "Leave of Court to Proceed Pursuant to 28 U.S.C. § 1915(g) and In Forma Pauperis, Indian Not Tax (Notice of Removal)," Doc. [13], and "Notice of Leave of Court for Rehearing, or Appeal for Cure [Deficiency] Petition for Leave to Amend Claim Pursuant to Rule 60(b)-(6) Rule 59(b) 59(e) Motion for Leave to Redact a Misnomer Due to Miskenning and Negative Misprison and Joinder of Parties, Permissive Intervention Pursuant to U.S.C. Title 40 § 276a-2(b) Now 3144," Doc. [14]. For the reasons set forth below, the motions are denied.

### BACKGROUND

Plaintiff filed a 54-page Prisoner Civil Rights Complaint against 186 defendants in their official and individual capacities. Doc. [1]. Plaintiff sought equitable relief and "1.44 septillion dollars in increments of $100,0000,000." *Id*. at 26. Plaintiff apparently alleged that the State of Missouri and its employees committed fraud against her in relation to real property that she owned. Plaintiff also filed a 30-page supplement to her Complaint titled, "Motion for Rule 59(e) to Correct and Add Supplemental Greetings," which addressed incidents unrelated to the Complaint including an allegation that she was kidnapped by government defendants. Doc. [7].

On November 22, 2023, the Court granted Plaintiff leave to proceed *in forma pauperis* and dismissed the action for failure to state a claim after initial review under 28 U.S.C. § 1915(e). Docs. [9], [10].

### DISCUSSION

After the case was closed, Plaintiff filed a motion titled "Leave of Court to Proceed Pursuant to 28 U.S.C. § 1915(g) and In Forma Pauperis, Indian Not Tax (Notice of Removal)." Doc. [13]. The Court construes the filing as a second motion for leave to proceed *in forma*

*pauperis*.  The motion is denied as moot because Plaintiff was already granted permission to proceed *in forma pauperis* before the case was dismissed and closed.  *See* Docs. [9], [10].

Also after the close of the case, Plaintiff filed a document titled, "Notice of Leave of Court for Rehearing, or Appeal for Cure [Deficiency] Petition for Leave to Amend Claim Pursuant to Rule 60(b)-(6) Rule 59(b) 59(e) Motion for Leave to Redact a Misnomer Due to Miskenning and Negative Misprison and Joinder of Parties, Permissive Intervention Pursuant to U.S.C. Title 40 § 276a-2(b) Now 3144."  Doc. [14].  The Court construes Plaintiff's filing as a request for reconsideration of dismissal.

Federal Rule of Civil Procedure Rule 59(e) allows a court to correct mistakes in the time immediately following judgment.  Rule 59(e) motions "serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'"  *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1998)).  Rule 60(b) allows a court to relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect.  Fed. R. Civ. P. 60(b).  It "provides for 'extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'"  *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1987)).

There is no basis in Plaintiff's filing for altering or amending the Court's prior decision.  Plaintiff does not point to any manifest errors of law or fact or any newly discovered evidence, nor does she demonstrate any exceptional circumstances warranting relief.

To the extent Plaintiff seeks to leave to amend her Complaint, that request is also denied.  Plaintiff's "right to amend as a matter of course ended with the entry of the judgment of dismissal."  *Fearon v. Henderson*, 756 F.2d 267, 268 (2d Cir. 1985), *overruled on other grounds by Campos v. LeFevre*, 825 F.2d 671 (2d Cir. 1987); *cf. United Steelworkers of Am., AFL-CIO v. Mesker Bros. Indus., Inc.*, 457 F.2d 91, 93 (8th Cir. 1972).  Plaintiff's case was dismissed without prejudice, so she may file a new lawsuit in the future if she has meritorious claims, but this case is closed.  Plaintiff may not file motions or other documents in this case to advance or support previously filed claims for relief.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Rozina Rhonda Jones-Williams's motion titled, "Leave of Court to Proceed Pursuant to 28 U.S.C. § 1915(g) and In Forma Pauperis, Indian Not Tax (Notice of Removal)," Doc. [13], construed as a second motion for leave to proceed *in forma pauperis*, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's "Notice of Leave of Court for Rehearing, or Appeal for Cure [Deficiency] Petition for Leave to Amend Claim Pursuant to Rule 60(b)-(6) Rule 59(b) 59(e) Motion for Leave to Redact a Misnomer Due to Miskenning and Negative Misprison and Joinder of Parties, Permissive Intervention Pursuant to U.S.C. Title 40 § 276a-2(b) Now 3144," Doc. [14], construed as a motion for reconsideration, is **DENIED**.

Dated this 22nd day of December, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE